IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13-15936 |
| | ) | |
| Keith Guest and | ) | Hon. Jack B. Schmetterer |
| Lisa Cramsie | ) | |
| Debtors | ) | Chapter 13 |
| | ) | |
| | ) | |
| Keith Guest and | ) | Adv No. 13-00672 |
| Lisa Cramsie | ) | |
| Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Mortgage Electronic Registration Systems Inc | ) | |
| Defendant | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Mortgage Electronic Registration Systems Inc, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 4860 W. 156th St., Unit D., Oak Forest, IL 60452.

2. Mortgage Electronic Registration Systems Inc is a lender and/or servicer of mortgages.

3. Plaintiff filed for relief under chapter 13 of the United States Bankruptcy Code April 17, 2013 in the Northern District of Illinois, case number 13-15936.

4. This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiff is the owner of real estate located at 11342 S. Moraine Drive E., Palos Hills, IL 60465 described as follows:

Common Address: 4860 W. 156th St., Unit D., Oak Forest, IL 60452

Parcel ID #: 28-16-403-042-0000

7. The fair market value of the real estate is $148,666 pursuant to Exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by Ocwen in the amount of $179,739.54 pursuant to Exhibit B to the original adversary complaint.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $179,739.54, exceeds the value of the above real estate, $148,666.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____
Jack B. Schmetterer

JUL 0 2 2013

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603